IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHIRLEY A. REICH<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and RESIDENTIAL FINANCE CORP.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO. |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendants Citigroup, Inc. ("Citigroup") and Mortgage Electronic Services, Inc. ("MERS") (collectively, "Defendants")[1] remove this case from the Court of Common Pleas of Huntingdon County, Pennsylvania to the United States District Court for the Middle District of Pennsylvania. In support of this Notice of Removal, Defendants state as follows:

1. On or about May 6, 2014, Plaintiff Shirley A. Reich ("Plaintiff") filed a complaint against Defendants and Residential Finance Corp. ("Residential Finance") in the Court of Common Pleas of Huntingdon County (the

---

[1] As explained below, Residential Finance Corp. does not appear to have been served, thus, it need not join in or consent to removal. *See, e.g. McClaine v. Pold*, No. 12-cv-00619, 2012 U.S. Dist. LEXIS 105652, at *5 (W.D. Pa. July 30, 2012) (citing *Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009)).

"Complaint"), which was captioned *Shirley A. Reich v. CitiGroup, Inc., Mortgage Electronic Registration Systems, Inc., and Residential Finance Corp.*, No. 556 of 2014 (the "State Court Action").[2]

2. CT Corporation, the registered agent for service of process on Citigroup, first received a copy of the Complaint via Certified Mail on May 9, 2014.

3. Although, to date, MERS has not been served, it joins in this removal.

4. On information and belief, Residential Finance has never been served. The State Court Action docket does not reflect any proof of service on Residential Finance. The law of the Third Circuit is clear that "an unserved Defendant need not consent to removal." *McClaine*, 2012 U.S. Dist. LEXIS 105652, at *5 (citing *Jevic*, 575 F.3d at 327).

5. Defendants now timely file this Notice of Removal within 30 days of receipt of the Complaint by the registered agent for Citigroup in accordance with 28 U.S.C. § 1446(b).

6. Concurrent with the filing of this Notice, Defendants are serving this Notice on Plaintiff and filing a copy of the Notice with the Prothonotary of the Court of Common Pleas of Huntingdon County, Pennsylvania.

---

[2] Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint and all other process, pleadings, and orders are attached hereto as Exhibit A.

**THE PARTIES**

7. Plaintiff is an adult individual residing at RD #1 Crestwood Estates, Huntingdon, PA 16652. (Compl.) For purposes of diversity jurisdiction, Plaintiff is a citizen of Pennsylvania.

8. Citigroup is a corporation organized under the laws of the State of Delaware and maintaining its principal place of business in the State of New York. Since the filing of the Complaint, for purposes of diversity jurisdiction, Citigroup has been and continues to be a citizen of Delaware and New York. *See* 28 U.S.C. § 1332(c).

9. MERS is a Delaware corporation with its principal place of business in Virginia. Since the filing of the Complaint, for purposes of diversity jurisdiction, MERS has been and continues to be a citizen of Delaware and Virginia. *See id*.

10. On information and belief, Residential Finance is an Ohio Corporation with its principal place of business in Ohio. Therefore, Residential Finance is deemed a citizen of Ohio for purposes of diversity jurisdiction. *See id.*

**THE COMPLAINT**

11. The Complaint sets forth six causes of action against Defendants arising from Plaintiff's default on a loan (the "Loan") secured by a mortgage (the "Mortgage") held by CitiMortgage, Inc. ("CitiMortgage"). (Compl.)

12. Specifically, Plaintiff alleges in Count I of the Complaint that Defendants violated the Fair Debt Collections Practices Act under 15 U.S.C. § 1692 in various ways including allegations they fraudulently represented ownership of the Loan and harassed, oppressed, and abused Plaintiff. (Compl. at ¶¶ 52-62.)

13. In Count II of the Complaint, Plaintiff alleges that Defendants violated the Fair Credit Reporting Act by allegedly falsely reporting a debt owed by Plaintiff, falsely reporting to credit bureaus that Plaintiff is in default on the Loan, falsely reporting their ownership of Plaintiff's Loan, and threatening legal action against Plaintiff. (Compl. at ¶¶ 63-65.)

14. In Count III of the Complaint, Plaintiff alleges that Defendants violated Sections 3201 and 3302 of Pennsylvania's Uniform Commercial Code because Defendants are not "holder[s]" of Plaintiff's Loan. (Compl. at ¶¶ 66-72.)

15. In Count IV of the Complaint, Plaintiff alleges that Defendants violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") by engaging in an alleged systematic scheme to fraudulently foreclose on Plaintiff's property. (Compl. at ¶¶ 73-82.)

16. In Count V of the Complaint, Plaintiff alleges that Defendants wrongfully foreclosed on her property. (Compl. at ¶¶ 83-89.)

Case 3:02-at-06000 Document 618 Filed 06/09/14 Page 5 of 12

17. In Count VI of the Complaint, Plaintiff alleges that Defendants committed negligence by making misrepresentations of material fact relating to Defendants' interest in Plaintiff's Loan.

18. Plaintiff requests damages, including damages for emotional distress, an order voiding her Mortgage, an order prohibiting Defendants from commencing a foreclosure action, and attorneys' fees. (Compl. ¶¶ 49-51 & WHEREFORE Clause.)

**FEDERAL QUESTION JURISDICTION**

19. Under 28 U.S.C. § 1331, removal is appropriate if the district court has original jurisdiction founded on a claim or right arising under the laws of the United States and the action shall be removable without regard to the citizenship or residence of the parties.

20. Plaintiff alleges that Defendants violated the FDCPA, 15 U.S.C. § 1692 et seq. (Compl. at ¶¶ 52-62.)

21. Plaintiff further alleges that Defendants violated the FCRA, 15 U.S.C. § 1681. (Compl. at ¶¶ 63-65.)

22. This Court has jurisdiction over all claims brought under those federal statutes.

23. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because the alleged violations arise out of

the same underlying facts and, therefore, form part of the same "case or controversy." *See* 28 U.S.C. § 1367(a) (noting that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

24. Accordingly, this action is one over which this District Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**<u>DIVERSITY JURISDICTION</u>**

25. The Court also has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 as the matter in controversy is among citizens of different states and exceeds the sum or value of $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

26. Plaintiff is a citizen of Pennsylvania, Citigroup is a citizen of Delaware and New York, MERS is a citizen of Delaware and Virginia, and Residential Finance is a citizen of Ohio. Thus, complete diversity exists.

27. The amount in controversy requirement is satisfied based on a reasonable reading of the allegations in Plaintiff's Complaint. *See Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (amount in controversy should be

determined from "a reasonable reading of the value of the rights being litigated" as alleged in the complaint).

28. To remand a case for failing to satisfy the amount in controversy threshold, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *TriState HVAC Equip., LLP v. Big Belly Solar, Inc.*, 752 F. Supp. 2d 517, 529 (E.D. Pa. 2010) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)). "[T]he question whether a plaintiff's claims pass the 'legal certainty' standard is a threshold matter that should involve the court in only minimal scrutiny of the plaintiff's claims." *Id.* (quoting *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997)).

29. "When, as here, a plaintiff has not specified in the complaint that the amount in controversy is less than the jurisdictional minimum, a court must apply the *Samuel-Bassett* test." *See Vinski v. State Farm Mut. Auto. Ins. Co.*, No. 11-1326, 2012 U.S. Dist. LEXIS 2567, at *2-3 (W.D. Pa. Jan. 10, 2012) (citing *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392 (3d Cir. 2004)). "Under this test, the burden shifts to the party challenging subject matter jurisdiction to prove, to a legal certainty, that the amount in controversy cannot exceed the statutory threshold." *Id.* (emphasis added) (citations omitted). "The rule does not require the proponent of federal jurisdiction to prove anything." *Id.* (citations omitted).

30. Plaintiff cannot prove to a legal certainty that her damages cannot exceed the jurisdictional amount; she alleges several categories of damages that when aggregated can exceed $75,000.00.

31. As an initial matter, the Loan secured against the Property was in the amount of $136,000. (Compl. at ¶ 7)

32. Plaintiff seeks to have her Mortgage voided and to preclude Defendants from initiating a foreclosure action to recover the amounts due under the Loan. (Compl. at WHEREFORE clause.)

33. Plaintiff also seeks damages to compensate her for alleged embarrassment, emotional distress, anxiety and mental anguish. (Compl. ¶¶ 49-51 & WHEREFORE Clause.)

34. Additionally, when calculating the amount in controversy it is appropriate for a court to consider an unspecified award of treble or punitive damages when a plaintiff can recover such damages under a specific statue. *See Suber*, 104 F.3d at 585. Plaintiff asserted a claim under the UTPCPL (Compl. at ¶¶ 73-82.), which allows for treble damages and accordingly, may be considered for determining whether the amount in controversy has been met for purposes of removal. *See, e.g., Kimmel v. Degasperi*, No. 00-143, 2000 U.S. Dist. LEXIS 4935, at *6 (E.D. Pa. Apr. 7, 2000) ("Courts count punitive damages such as treble

damages authorized by statute as part of the amount in controversy.”) (*citing Russ v. State Farm Mut. Auto Ins. Co*., 961 F. Supp. 801, 810-11 (E.D. Pa. 1997)).

35. Finally, Plaintiff seeks recovery of attorney’s fees, which must also be considered for purposes of removal. *See Suber*, 104 F.3d at 585 (“attorney’s fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action”); *Morris v. Bankers Life & Cas. Co.*, No. 11–7675, 2012 WL 602418, at *2 (E.D. Pa. Feb. 24, 2012) (“In a case . . . involving a statutory claim of bad faith, the claim for attorney's fees and punitive damages could easily put the amount in controversy over the jurisdictional limit.”).

36. Because of the claims Plaintiff brings and the relief sought, Plaintiff is unable to show that the total amount claimed cannot, to a legal certainty, exceed $75,000. *See Vinski*, 2012 U.S. Dist. LEXIS 2567, at *2-3; *see also TriState HVAC*, 752 F. Supp. 2d at 529.

37. Without conceding the availability of any particular remedy or category of damages, this action involves a controversy wholly between citizens of different states and the value of the matter in dispute in said cause exceeds the sum of $75,000.00, exclusive of interest and costs, as appears from the allegations of Plaintiff’s Complaint.

38. Accordingly, this action is one over which this District Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**VENUE**

39. Under 28 U.S.C. § 1441(a), the United States District Court for the Middle District of Pennsylvania is the proper venue for removal because this suit is pending in the Court of Common Pleas of Huntingdon County, which lies within the Middle District of Pennsylvania.

**PROCEDURAL REQUIREMENTS AND LOCAL RULES**

40. This Notice is timely because it has been filed within the thirty day period prescribed by 28 U.S.C. § 1446(b).

41. Aside from the Complaint, no other process, pleading, or order has been sent to or received by Defendants in the State Court Action. *See* 28 U.S.C. § 1446(b)

42. The Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

43. As required by 28 U.S.C. § 1446(d), copies of this Notice are being served on Plaintiff and filed with the Prothonotary of the Court of Common Pleas of Huntingdon County, Pennsylvania. A true and correct copy of the Notice of Filing of Notice of Removal (without exhibits) is attached hereto as Exhibit B.

Case 3:02-at-06000 Document 618 Filed 06/09/14 Page 11 of 12

44. By filing this Notice, Defendants do not waive their right to object to service of process, sufficiency of process, venue or jurisdiction. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions and pleas are expressly reserved. This Notice of Removal is also without prejudice to Defendants' defense that Citigroup has been improperly named as a defendant, as CitiMortgage, pursuant to a valid Assignment of Mortgage, is the assignee of Plaintiff's Mortgage and CitiMortgage is thus the proper Defendant against which Plaintiff alleges liability.[3]

45. Based upon the foregoing, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332 and this matter may be removed to this Court under 28 U.S.C. § 1441.

---

3 Even if CitiMortgage is the proper defendant, complete diversity still exists as, CitiMortgage is a New York corporation with its principal place of business in the State of Missouri. Accordingly, for purposes of diversity jurisdiction, since the filing of the Complaint, CitiMortgage has been and continues to be a citizen of New York and Missouri. *See* 28 U.S.C. § 1332(c).

WHEREFORE, notice is given that this action is removed from the Court of Common Pleas of Huntingdon County, Commonwealth of Pennsylvania, to the United States District Court for the Middle District of Pennsylvania.

Respectfully submitted,

Dated June 9, 2014

/s/ Martin C. Bryce, Jr.
Martin C. Bryce, Jr.
bryce@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999

*Attorney for Citigroup, Inc., and Mortgage Electronic Registration Systems, Inc.*

Of Counsel
Andrew E. Kampf
kampfa@ballardspahr.com
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
215.865.8500 (Telephone)
215.864.8999 (Facsimile)